Nevius, J.
The declaration charges defendants with a trespass in breaking and entering a certain meeting house, erected *255 for religious worship, belonging to, and in the possession of the plaintiffs as trustees, &c. and there making disturbance, and breaking windows, doors, locks, &e. of said meeting house, to the damage &c. The defendants have pleaded,
First, The general issue.
Second, That the supposed trespasses were committed by leave and license of “ The Trustees of the Baptist Society in Amwell, at Wurts’ corner,” and
Thirdly, That the said meeting house was erected under certain articles of association, for the management, government and protection thereof, entered into by the supporters of, and persons having an important interest in, the said meeting house, prior to the erection thereof, by which article it is provided, “ That in case at any time thereafter a Baptist church should be constituted and organized at said meeting house, upon the doctrines and principles and under the discipline and government of the Baptist churches as heretofore practised and held by them, then such church shall have the free use and occupation of said meeting house, and each and every member of such church shall at all times be deemed a regular supporter of said institution for all purposes mentioned in said articles; ” and that the said meeting house has ever since remained and been held by “ The said The Trustees of the Baptist meeting house in Amwell, at Wurts’ corner,” subject to said articles of association. And that after-wards, and before the time of committing said trespasses, a Baptist church was constituted at said meeting bouse upon the doctrines and principles and under the discipline and government of the Baptist churches as held and practised by them prior to the adoption of said articles. By means whereof the said church became and were entitled to the free use and occupation of said meeting house, and that at the several times when &o. meetings of the said Baptist church wore convened at said house for worship, and the defendants as members &c. at the several times when &c. attended said meetings and peaceably entered said church for worship as they lawfully might do, doing no unnecessary damage to the said, “ Trustees of the Baptist meeting house in Amwell, at Wurts’ corner,” which are the supposed trespasses &c.
To tins last plea, there is a general demurrer and joinder.
*256 This demurrer presents the single question, whether the plea answers the declaration. It is a plea of justification, and in avoidance of the charge. And two things are thereby admitted, the right of the plaintiffs to sue in the capacity in which they have sued, and the truth of the acts charged. The plaintiffs could come into court as natural or artificial persons only. They could bring their suit in their private and individual capacity, or as a corporation, and in no other way. They have not sued as individuals, therefore if they are rightly in court, which the defendants admit, they are there as a corporation, and the defendants acknowledge them as such. It is not material now to inquire whether they are so in fact, or how they became so, it is sufficient that the defendants admit them to be so.
.. What answer then do the defendants give to the charged ? They say that the building in .which the, supposed trespass was committed, was erected by certain persons who had an interest therein under articles of association, in which it was agreed, that if a “ Baptist Church” should afterwards be organized at that house, such church should have the free use and occupation of the building, and that each member of such church should at all times be deemed a supporter thereof, for all purposes named in said articles. “ And that the said house has since been held by the,” said “ Trustees of the Baptist meeting house in Amwell, at Wurts’ corner,” subject to said articles. That such church was organized at said house, by means whereof the church became entitled to the use and occupation of said house, and that at the times when &c. meetings of said church were convened for worship and they as members of the church attended and peaceably entered for worship, as they lawfully might, doing no unnecessary damage • to “ The Trustees of the Baptist meeting house in Amwell, at Wurts’ corner
The plaintiffs complain of a trespass committed against them as “ Trustees of the Baptist Society &c.” The defendants admit them to be such, and do not deny the acts charged. But say that the Baptist Church organized after the erection of the house, were entitled to its use, that they were the supporters of this church, and as members entered for worship, and did no unnecessary damage to the “ Trustees of the Baptist meeting house.”
The complaint is not for an injury to “ The Trustees of the *257 Baptist meeting house, but to the trustees of the Baptist association. The plea is no answer to the complaint. But supposing this to be a mere clerical error in copying the plea and that the words “ Baptist meeting house,” have by mistake been used for “ Baptist association,” still there is a fatal objection to the plea. For it admits, that the plaintiffs under the original articles of association, were entitled to the management, government and protection of the building, while the church which was afterwards organized, was entitled to its free use, and then insists, that they the defendants, being members and supporters of such church, had a right to enter for worship and that they did so, doing no unnecessary damage in making such entry. It shows, that the free use of the building by the church was nevertheless subject to the management and protection of the plaintiffs. The term free, as here used, must be taken in a qualified sense. But suppose the church were entitled to the unqualified and absolute right to enter and use the building as it pleased, the plea does not show that the defendants were the church. Their being members and supporters does not constitute them the “ church.” This term is one of very comprehensive signification. It anciently signified any public meeting convened to consult upon the common welfare of a State, was afterwards used to designate the place of sacred or religious meetings, and again it was applied to religious congregations, assemblies or associations, but at the present time and under our institutions and laws, it must be understood to express a spiritual or religious corporation. This is now its ordinary acceptation and it must be considered as used in that sense in these articles of association. If a corporation, therefore, it must be under the authority of trustees, managers, directors or officers of some description, The defendants do not pretend, that they were themselves the church or corporation or that they entered by the authority of such church or corporation. They do not therefore, show any lawful right to enter this building, nor does their plea exhibit any justification of the acts complained of.

Let the Demurrer he sustained.